IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE A. ROSE,<br><br>    Plaintiff,<br><br>  v.<br><br>BROOKS AMERICA MORTGAGE CORPORATION; HOMECOMINGS FINANCIAL, LLC.; AURORA LOAN SERVICES, LLC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; QUALITY LOAN SERVICE CORPORATION,<br><br>    Defendants.<br>_____/ | No. 10-CV-4370 CW<br><br>ORDER FOR PROPER SERVICE OF PROCESS ON BROOKS AMERICA MORTGAGE CORPORATION |

    In the present action, the claims against three of the five Defendants have been dismissed.  On November 23, 2010, Plaintiff and Defendants Aurora Loan Services, LLC and Mortgage Registration Systems, Inc. entered into a stipulation, pursuant to Rule 41, that Plaintiff would dismiss the claims against these two Defendants with prejudice.  Docket No. 35.  Homecoming Financial, LLC, moved to dismiss Plaintiff's complaint.  Docket No. 29.  After Plaintiff filed a notice of non-opposition to Homecoming Financial's motion to dismiss, the Court dismissed the claims against Homecoming Financial.  Docket No. 40.  Quality Loan Service Corporation has filed an unopposed "Declaration of Nonmonetary Status," pursuant to

California Civil Code § 2924l.  Docket No. 41.  As a result, Quality Loan is not required to participate in the action.

Brooks America Mortgage Corporation appears to be the sole remaining defendant.  However, Plaintiff served Brooks' summons on the California Secretary of State, asserting that the Secretary was designated by law to accept service of process on behalf of Brooks.

California Code of Civil Procedure § 416.10 provides that a summons may be served on a corporation by delivering a copy of the summons and the complaint to the person designated as the agent for service of process, to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

Under California Corporations Code § 1702(a), a plaintiff may serve a summons on the California Secretary of State "if an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated."  Id.  The party seeking to serve a summons on the California Secretary of State must submit to the Court an affidavit demonstrating that process on a domestic corporation cannot be served with reasonable diligence.  Id.  If the Court finds to its satisfaction that process cannot be served with reasonable diligence, it may issue an order granting the party permission to serve the summons on the California Secretary of State.  Id.  A copy of the order

authorizing such service must be provided to the Secretary of State, along with one copy of the summons and complaint for each defendant to be served. <u>Id.</u>  Plaintiff has not followed this procedure.

If Plaintiff wishes to serve Brooks in accordance with § 1702(a), she must file the required affidavit with the Court. This must include a statement of Plaintiff's efforts to serve Brooks by serving one of its officers listed above.  The Court will make a determination as to whether service of process on the Secretary of State is warranted.

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve the defendant within 120 days after the complaint is filed. Thus, service in this action, which was removed to this Court on September 28, 2010, must be complete by January 26, 2011. Plaintiff must submit the affidavit described above by January 19, 2011, or must otherwise properly serve Brooks by January 26, 2011. If necessary, Plaintiff may file a motion to extend the deadline for service.  If Plaintiff does not comply with this order, the Court will dismiss her claims against Brooks for failure of timely service.  The Case Management Conference set for January 11, 2011 at 2:00 pm is vacated.

IT IS SO ORDERED.

Dated: <u>1/6/2011</u>

_____
CLAUDIA WILKEN
United States District Judge

3